UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-08156-SPG-PD | Date | January 4, 2023 |
| Title | Jane Doe v. United States | | |

Present: The Honorable     SHERILYN PEACE GARNETT
                           UNITED STATES DISTRICT JUDGE

| P. Gomez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceeding:     (IN CHAMBERS) Motion to Proceed Anonymously** [ECF No. 11]

**Ruling**

> Based on this Court's review of the record and underlying motion, the Court DENIES Plaintiff's motion to proceed anonymously.   (ECF No. 11).

**Background**

> Plaintiff commenced this case on November 8, 2022.   (ECF No. 1 ("Compl.")).   Plaintiff brings a claim under 42 U.S.C. § 1985 on the basis that unidentified "state actors under color of law have clearly with malicious fraudulent artifice have made corrupt national identity and civil rights crisis."   (*Id.* ¶ 3).   Plaintiff requested to proceed in forma pauperis ("IFP").   (ECF No. 3).   The Court denied Plaintiff's IFP because the complaint failed to state a claim upon which relief may be granted.   (ECF No. 9).   The Court further ordered Plaintiff to file an amended complaint by no later than December 15, 2022.   (*Id.*).   On December 12, 2022, Plaintiff filed a motion to proceed anonymously pursuant to Federal Rule of Civil Procedure 5.2(a).[1]   (ECF No. 11).

---

[1] Federal Rule of Civil Procedure 5.2(a) provides that in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may withhold certain information to protect his or her privacy interests.   Fed. R. Civ. P. 5.2(a).   Rule 5.2 does not, however, provide a basis to proceed anonymously.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-08156-SPG-PD | Date | January 4, 2023 |
|---|---|---|---|
| Title | Jane Doe v. United States | | |

<u>**Discussion**</u>

The Ninth Circuit applies a balancing test to determine whether a party may preserve his anonymity in judicial proceedings. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir.2000). Because there is a presumption that parties' identities are public information, anonymity is only proper under "special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* The Ninth Circuit allows parties to use pseudonyms in rare circumstances where anonymity is "necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir.1981). Anonymity can be based on fear of retaliatory harm, the need for privacy, or admission of illegal conduct. *Advanced Textile*, 214 F.3d at 1068. However, the Ninth Circuit has made clear that use of a pseudonym should only be permitted occasionally and in "unusual" cases. *Id.* at 1067 ("In this circuit, we allow parties to use pseudonyms in the unusual case ...." (internal quotation marks and citations omitted)); *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) ("As a general rule, the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." (internal citations and quotation marks omitted)).

"When a party requests 'Doe' status, the factors to be 'balance[d] . . . against the general presumption that parties' identities are public information,' are: '(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation.'" *Doe v. Ayers*, 789 F.3d 944, 946 (9th Cir. 2015) (quoting *Advanced Textile Corp.*, 214 F.3d at 1068).

Here, Plaintiff claims "they were victim of police misconduct resulting in physical assault fraud indoctrination and unmistakable prosecutorial misconduct" resulting in the violation of Plaintiff's civil rights. (ECF No. 11). Plaintiff argues she requires anonymity "to obscure and safeguard identifiers in order to prevent disclosure of their respective social security identity to publicity" and because "disclosure of the true identifying legal name would cause Jane Doe degradation, emotional distress, and harassment assumed guiltiness by association." (*Id.*).

Plaintiff has not articulated why anonymity is necessary in this case or what the threat of harm would entail if she disclosed her identity. Vague assertions that proceeding without anonymity would cause degradation or harassment without any explanation as to why are insufficient. *Cf. Ayers*, 789 F.3d at 946 (holding the petitioner adequately showed a need to proceed anonymously based on a reliable affidavit that the petitioner likely would suffer harm if their identity was revealed). Because Plaintiff has not alleged any basis for her fears of harm or retaliation, the Court finds her request to proceed anonymously to be unreasonable. Moreover, the Court reiterates that Plaintiff still has not alleged any facts to support her section 1985 claim, including any identifying information as to who the purported defendants are in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-08156-SPG-PD | Date | January 4, 2023 |
|---|---|---|---|
| Title | Jane Doe v. United States | | |

Accordingly, the Court **DENIES** Plaintiff's motion to proceed anonymously without prejudice.  Plaintiff shall file an amended complaint, if any, within 14 days of this order. Failure to do so may result in dismissal.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer    pg